929 F.2d 694
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harold C. SCHNEIDER, Kathy L. Schneider, Plaintiffs-Appellants,
v.
CONTINENTAL CASUALTY COMPANY, Defendant-Appellee,
and
Mayflower Transit, Incorporated, Defendant.
 No. 90-2327.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 5, 1990.
Decided April 5, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. C. Weston Houck, District Judge. (CA-88-815-3-0)
 William Reynolds Williams, Willcox, Hardee, McLeod, Buyck, Baker & Williams, Florence, S.C., for appellants.
 Charles E. Carpenter, Jr., Richardson, Plowden, Grier & Howser, Columbia, S.C., for appellee; William H. Hensel, Richardson, Plowden, Grier & Howser, Columbia, S.C., on brief.
 D.S.C.
 AFFIRMED.
 Before SPROUSE and NIEMEYER, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 This appeal presents a narrow question for resolution: did the trial court err in granting judgment notwithstanding the verdict in favor of one of the two defendants, Continental Casualty Company [hereinafter "Continental"], on the question of its alleged bad faith in not paying an insurance claim? We find the appellants' assignment of error without merit and affirm the trial court's entry of judgment in Continental's favor.
 
 
 2
 In late April and early May of 1987, the appellants moved from Norcross, Georgia to Columbia, South Carolina. The employer of one of the appellants contracted with Mayflower Transit, Inc. [hereinafter "Mayflower"] to transport the appellants' household goods and furnishings from their Norcross residence to their Columbia residence. On April 28, 1987, a Mayflower van arrived at the appellants' Norcross address to begin loading their belongings, and as the day progressed, certain jewelry which had been placed in a green bag was loaded, along with the other goods and furniture, onto the Mayflower van. Apparently, the appellants never intended for the jewelry to be loaded onto the van, but when advised that it had been mistakenly loaded and that much of the van would have to be unloaded to retrieve it, the appellants decided not to attempt to retrieve the jewelry and to allow it to be transported to Columbia along with their other belongings. The van ultimately arrived in Columbia and was unloaded at the appellants' new residence on May 1, 1987, and subsequently thereafter, the appellants discovered that their jewelry was missing.
 
 
 3
 While residing in their Norcross residence, the appellants had maintained for several years a homeowner's insurance policy with Continental. This policy was cancelled effective April 28, 1987, at 12:00.[1] Whether this means just past midnight on the 27th or noonday on the 28th is simply a matter of interpretation, but in either event, if the loss did not occur on April 28, 1987, whatever may be the meaning of "12:00," Continental has no obligation under its policy with the appellants.
 
 
 4
 Not surprisingly, the parties disagree about whether the policy in fact was in force on April 28, 1987; but as indicated above, this issue is not dispositive unless it can be established with certainty that the jewelry loss occurred on this date. Viewed in a light most favorable to the appellants, the following is a summary of the evidence before the trial court.
 
 
 5
 The driver of the Mayflower van testified that, with two unknown helpers, he loaded onto his van the appellants' furniture and household goods on April 28, 1987. He testified that he had the van in his sole possession and that it was locked until he delivered it to the appellants' Columbia residence on May 1, 1987. This is the only testimony concerning the vehicle which transported the jewelry. The appellants testified that they discovered the loss on May 6, 1987, and they immediately notified police in Columbia and in Norcross. Based upon these pertinent facts, the appellee correctly contends that the record contains no proof that the loss occurred on April 28, 1987. Rather, it could have occurred any time between April 28, 1987, and the time the loss was discovered in Columbia on May 6, 1987. Accepting the testimony of the witnesses in the case as truthful and fully accurate, several days remain unaccounted for between the time the goods were unloaded in Columbia and the time the loss was discovered.
 
 
 6
 The appellants brought suit against both Mayflower and Continental in the United States District Court for the District of South Carolina. The appellants alleged that Mayflower was liable for the value of the jewelry loss that occurred during the move and that Continental acted in bad faith in refusing to pay a valid insurance claim. Because of the diverse nature of the claims against the two separate defendants, the court below bifurcated the verdict phase of the trial.
 
 
 7
 Pursuant to the plan developed by the trial court, the jury first considered the issue of Mayflower's liability, and the jury returned a verdict against Mayflower in the amount of $6,600. Thereafter, the trial court submitted to the jury certain interrogatories to determine the question of Continental's bad faith in refusing to settle the insurance claim. Using these interrogatories, the jury awarded to the appellants ten percent of the $6,600 for Continental's bad faith. Continental subsequently moved the trial court to enter judgment in its favor notwithstanding the verdict on the question of its bad faith. The trial court granted that motion, and this appeal followed.
 
 
 8
 Continental's argument before the trial court for judgment in its favor notwithstanding the verdict was essentially twofold. Continental first argued that the homeowners' insurance policy in question was not in force on April 28, 1987, because it was cancelled for the nonpayment of premiums and at the request of the appellants. Continental further argued that there was no evidence before the trial court to permit any reasonable person to find that the jewelry loss necessarily occurred on April 28, 1990. It is this latter point that is dispositive of this appeal.
 
 
 9
 Careful review of the Joint Appendix indicates that there is simply no way to say definitely that the loss occurred on April 28, 1987. Clearly, the loss occurred sometime between April 27, 1987, and May 6, 1987, but during most of this period, the Continental homeowners' insurance policy did not remain in effect. Accordingly, it is impossible to say with certainty that the jewelry loss occurred before the cancellation of the insurance contract. Due to this uncertainty, the court below found that Continental had a legitimate basis for contesting the claim and, therefore, granted the judgment notwithstanding the verdict on the bad-faith question.
 
 
 10
 Reviewing the Joint Appendix in this case in light of the arguments made by counsel, we find that the district court was proper in holding that the fair and impartial exercise of the judgment of reasonable persons would compel the conclusion, even when viewing the evidence in the light most favorable to the appellants (the prevailing parties), that the time of the loss was not established in the evidence except in the time frame from April 28, 1987, to May 6, 1987. Indeed, the appellants' notification of both the Norcross and Columbia police departments immediately after discovery of the loss indicates uncertainty on their part as to when the loss took place. The trial court correctly ruled that this uncertainty was a sufficient basis for granting judgment in Continental's favor notwithstanding the jury verdict on the issue of its bad faith, and we sustain the trial court's actions in this regard.
 
 
 11
 For the reasons indicated, the judgment of the court below is
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 A strong argument for the use of a twenty-four hour clock can be made in this case because the only indication of when the cancellation became effective is that the cancellation became effective "12:00 April 28th."